HETTIE A. HOPKINS ET AL. v. LENA I. LYON, PROSECUTOR.

Argued November 1, 1910—Decided March 7, 1911.

The jurisdiction of the justice of the peace under the Landlord and Tenant act is not superseded under the amendment to that act approved April 8th, 1910 (*Pamph. L., p.* 233), until there has been established within the county in which the premises are situated a District Court qualified to exercise the jurisdiction of which such justices are to be deprived; such a court is not so established as long as the person appointed to be its first judge has not taken the oath of office which is essential to the exercise by such court of its judicial functions.

On *certiorari.*

Before Justices GARRISON, SWAYZE and VOORHEES.

For the prosecutor, *Vreeland, King, Wilson & Lindabury.*

For the defendants, *Joshua R. Salmon* and *Willard W. Cutler.*

The opinion of the court was delivered by

GARRISON, J. This writ brings up the proceedings had before a justice of the peace under the Landlord and Tenant

act, whereby the prosecutor was dispossessed of certain premises situate in the town of Boonton, in the county of Morris. The sole reason for reversal is as follows:

"Because the said justice of the peace had no jurisdiction to hear and determine the cause, because, at the time said proceedings were commenced, there was a District Court in the county of Morris where said premises are situated, and by virtue of the act entitled 'An act to amend an act entitled "A further supplement to an act entitled 'An act concerning landlords and tenants,'"' approved March 27th, 1874, which supplement was approved March 4th, 1903; which act was approved April 8th, 1910,' the jurisdiction of a justice of the peace in landlord and tenant actions to recover possession of leased premises is taken away in counties where there is a District Court, and as there was a District Court in Morris county at the time the proceedings were had before the justice (*Pamph. L.* 1909, *p.* 287), the justice had no jurisdiction to try the case and his actions were void and illegal."

The only question raised by this reason is whether or not the justice of the peace had jurisdiction, and that in turn depends upon whether at the time he assumed jurisdiction there was in the county of Morris a District Court established by law. This is the test made by the amendment to "An act concerning landlords and tenants," approved April 8th, 1910 (*Pamph. L., p.* 233), which reads as follows:

"Any lessee or tenant at will or at sufferance or for a part of a year, or for one or more years, of any houses, lands or tenements, and the assigns, under-tenants or legal representatives of such tenant or lessee, may be removed from such premises by any district court in the county where such premises are situated, or, if such premises do not lie within a county in which there is a district court, then by any justice of the peace of the county where such premises are situated in the manner hereinafter prescribed in the following cases; provided, that this act shall not be construed so as to give justices of the peace jurisdiction where district courts are established by law."

On April 1st, 1910, "An act to incorporate the first judicial district of the county of Morris" (*Pamph. L.* 1909, *p.* 287) took effect. This provided for the establishment of a District Court in the county of Morris whose jurisdiction should comprise certain parts of that county not including the town of Boonton.

On April 6th, 1910, Oliver K. Kay, Esq., was appointed judge of this District Court, but did not qualify. On April 8th, 1910, the amendment to the Landlord and Tenant act, already quoted, was passed and took effect immediately. By force of this amendment jurisdiction to remove tenants was conferred upon any District Court in the county where the premises were situated and deprived justices of the peace of jurisdiction where such a District Court had been established by law.

On April 13th, 1910, and before the judge of the District Court had qualified, the present proceeding was commenced before the justice of the peace, and on April 16th, 1910, the judge of the District Court took his oath of office.

If the justice acquired jurisdiction on April 13th the present proceeding must stand. He did acquire jurisdiction unless at that time a District Court had been established by law in Morris county. A judge had been appointed but had not taken the oath of office; so that the dispositive question is whether, within the meaning of the amendment to the Landlord and Tenant act, a District Court was established by law prior to the time such a tribunal acquired the faculty of exercising the jurisdiction conferred upon it by this amendment. We think that a District Court, within the meaning of this act, was not established by law until it had acquired the lawful right to exercise its judicial functions. The plain purpose of the legislature in requiring the ancient jurisdiction of the justice to give way to the new one created by the amendment, was that as soon as access to the new tribunal was possible the older jurisdiction should be abandoned, but not before. Until therefore a District Court was so established that it could lawfully exercise jurisdiction, the

existing jurisdiction of the justice was not superseded. There was no purpose that an interval should be left during which no tribunal should have jurisdiction to disposses tenants.

Such an interval may occur by death or other cause after the establishment of the new jurisdiction; that, however, is a result of the statute, and there is no indication that such a condition was intended to exist before the act by its own term took effect.

We conclude, therefore, that the jurisdiction of the justice existed at the time it was assumed in the present case, and hence that the proceedings brought up by the prosecutor should be affirmed.